**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Ronnie Worthen,

        Plaintiff,

v.

Harley-Davidson Credit Corp.,

        Defendant.

Civil Action No.: **CV 13- 6408**

**COMPLAINT**
**JURY TRIAL DEMANDED**

MANN, M.J.

For this Complaint, the Plaintiff, Ronnie Worthen, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3. The Plaintiff, Ronnie Worthen ("Plaintiff"), is an adult individual residing in Brooklyn, New York, and is a "person" as defined by 47 U.S.C. § 153(10).

4. Defendant Harley-Davidson Credit Corp. ("Harley-Davidson"), is a Nevada business entity with an address of 222 West Adams Street, Suite 2000, Chicago, Illinois 60606, and is a "person" as defined by 47 U.S.C. § 153(10).

### FACTS

5. Beginning in or around September 2013, Harley-Davidson placed calls to

Plaintiff's cellular telephone in an attempt to collect a consumer debt allegedly owed by Plaintiff.

6. At all times referenced herein, Harley-Davidson placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

7. When Plaintiff answered the calls from Harley-Davidson, he heard a prerecorded message delivered by Harley-Davidson. The prerecorded message informed Plaintiff that it was a call from Harley-Davidson and instructed Plaintiff to wait for the next available representative.

8. Plaintiff requested that Harley-Davidson cease calls to Plaintiff's cellular telephone.

9. Nonetheless, Harley-Davidson continued to place calls to Plaintiff's cellular telephone with the knowledge that they no longer had Plaintiff's consent to do so.

10. Plaintiff has an existing relationship with Harley-Davidson. However, any consent Harley-Davidson may have had to place calls to Plaintiff's cellular telephone was revoked after Plaintiff requested that Harley-Davidson no longer place calls to his cellular telephone.

11. Despite Plaintiff's express revocation of consent, Harley-Davidson thereafter continued placing calls to Plaintiff's cellular telephone.

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last four years, Harley-Davidson called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS")

and/or by using a prerecorded or artificial voice.

14. In the event Harley-Davidson at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demand to cease calls to his cellular telephone.

15. Harley-Davidson continued to place automated calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone number called by Harley-Davidson was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. The calls from Harley-Davidson to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendant as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 13, 2013

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff